IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:14-CV-183-BR

| | | |
|---|---|---|
| EUNICE ANDERSON, et al., | ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| MURPHY-BROWN LLC, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on the motion to substitute party filed by movant, Earnestine Phillips, as court-appointed guardian of the person of Mae Mazyck, a plaintiff in this action. [DE-193]. Ms. Mazyck is 97 years old, and Ms. Phillps is her adult daughter. *Id.* Ms. Mazyck is incompetent, and Ms. Phillips was appointed to act as guardian of the person for her mother by the Clerk of Superior Court of Pender County on November 7, 2016. *Id.*; [DE-193-1].

"If a party becomes incompetent, the court may, on motion, permit the action to be continued by or against the party's representative." Fed. R. Civ. P. 25(b). However, under North Carolina law, a guardian of the person is not a proper party to sue or be sued on behalf of a ward because those powers are reserved to a guardian ad litem, general guardian, or guardian of the estate. *See Stern v. Cinoman*, 221 N.C. App. 231, 233 (2012) (holding a guardian of the estate has the power to bring suit on behalf of a ward); *Clawser v. Campbell*, 184 N.C. App. 526, 528–30 (2007) (holding a defendant was not properly sued through her guardian of the person in the absence of a guardian ad litem or general guardian); *see also Lee by & through Shelton v. City of Fayetteville*, No. 5:16-CV-759-FL, 2017 WL 2274970, at *9 (E.D.N.C. May 24, 2017) ("[I]t is ordinarily desirable that an incompetent's litigation should be conducted by a general guardian

who, being in control of all his ward's affairs, can relate the effect of the litigation to the incompetent's entire estate." (quoting *Hagins v. Redevelopment Comm'n of Greensboro*, 275 N.C. 90, 104 (1969))), *appeal dismissed*, No. 17-1731, 2017 WL 6404715 (4th Cir. Nov. 2, 2017). "A guardian of the person's role is instead limited to exercising his or her authority in the best interests of the ward in connection with the ward's care, comfort, and maintenance." *In re V.A.P.*, 239 N.C. App. 466 (2015). The statute setting forth the duties and powers of a guardian of the person "confers no power to maintain action, only stating that such a Guardian may confer such consent as necessary to maintain a service[.]" *Clawser*, 184 N.C. App. at 529 (citing N.C. Gen. Stat. § 35A–1241).[1] Such powers are specifically granted to a general guardian. *Id.* at 528–29 (citing N.C. Gen. Stat. § 35A–1251).[2] Finally, the Letters of Appointment entered by the Pender County Superior Court state that "[t]he guardian of the person is fully authorized and entitled under the

---

[1] Section 35A-1241, Powers and duties of guardian of the person, provides in relevant part:

> (a) To the extent that it is not inconsistent with the terms of any order of the clerk or any other court of competent jurisdiction, a guardian of the person has the following powers and duties:
> (1) The guardian of the person is entitled to custody of the person of the guardian's ward and shall make provision for the ward's care, comfort, and maintenance, and shall, as appropriate to the ward's needs, arrange for the ward's training, education, employment, rehabilitation, or habilitation. The guardian of the person shall take reasonable care of the ward's clothing, furniture, vehicles, and other personal effects that are with the ward.
> . . . .
> (3) The guardian of the person may give any consent or approval that may be necessary to enable the ward to receive medical, legal, psychological, or other professional care, counsel, treatment, or service.

[2] Section 35A-1251, Guardian's powers in administering incompetent ward's estate, provides in relevant part:

> In the case of an incompetent ward, a general guardian or guardian of the estate has the power to perform in a reasonable and prudent manner every act that a reasonable and prudent person would perform incident to the collection, preservation, management, and use of the ward's estate to accomplish the desired result of administering the ward's estate legally and in the ward's best interest, including but not limited to the following specific powers:
> . . . .
> (3) To maintain any appropriate action or proceeding to recover possession of any of the ward's property, to determine the title thereto, or to recover damages for any injury done to any of the ward's property; also, to compromise, adjust, arbitrate, sue on or defend, abandon, or otherwise deal with and settle any other claims in favor of or against the ward.

2

laws of North Carolina to have the custody, care and control of the ward, ***but has no authority to receive, manage or administer the property, estate or business affairs of the ward.***" [DE-193-1] at 6; *see Metcalf v. Graham Cty.*, No. 1:18-CV-00274-MR-DLH, 2018 WL 4924556, at *2 (W.D.N.C. Oct. 10, 2018) (finding individuals appointed as guardians of the person had no authority or standing to bring an action on behalf of their ward), *reconsideration denied*, No. 1:18-CV-00274-MR-DLH, 2018 WL 6028715 (W.D.N.C. Nov. 15, 2018), and *aff'd*, 759 F. App'x 181 (4th Cir. 2019). Accordingly, Ms. Phillips, as Ms. Mazyck's guardian of the person, is not a proper representative to be substituted for Ms. Mazyck in this matter, and the motion is denied.

SO ORDERED, this *17* day of November 2019.

Robert B. Jones, Jr.
United States Magistrate Judge