UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-00183-BR

| | | |
|---|---|---|
| EUNICE ANDERSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MURPHY-BROWN, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiffs' consent motion to seal the exhibit filed at docket entry 202. (DE # 203.)

## I. BACKGROUND

This action involves, in part, a private nuisance claim brought on behalf of an incompetent plaintiff, Mae Mazyck ("Mazyck"). (See DE # 201, at 1.) Mazyck's interests are represented by her adult daughter who serves as her general guardian and legal representative. (Id.) The parties have reached a settlement resolving Mazyck's claim. (Id.) On 24 March 2021, plaintiffs filed a consent motion for approval of the incompetent settlement. (DE # 200.) Plaintiffs also filed a consent motion to seal one exhibit in support of the motion for approval (the "Exhibit"). (DE # 203.) On 26 March 2021, the court provided public notice of the request to seal the Exhibit and of the public's right to object within fourteen days. (DE # 205.) To date, no objections have been filed.

## II. DISCUSSION

"[C]ourts of this country recognize a general right to inspect and copy public records and documents," but this right is not absolute. Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597–98 (1978). Thus, when a party files a motion to seal a document, the court must: (1) determine if

there is a public right of access to the document; (2) give the public notice of the request and a reasonable opportunity to object; and (3) "consider less drastic alternatives to sealing." Stone v. Univ. of Maryland Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988); see also In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(D), 707 F.3d 283, 290 (4th Cir. 2013) [hereinafter In re Section 2703(D)]; In re Knight Publ'g Co., 743 F.2d 231, 234 (4th Cir. 1984).

Accordingly, the court must comply with certain procedural requirements before sealing a document. See In re Knight Publ'g Co., 743 F.2d at 235–36. The court must give the public notice of the request and "a reasonable opportunity" to object. Stone, 855 F.2d at 181 (citing In re Knight Publ'g Co., 743 F.2d at 235). That is, the court must "docket it 'reasonably in advance of deciding the issue.'" Id. (quoting In re Knight Publ'g Co., 743 F.2d at 235). Additionally, the court "must consider less drastic alternatives to sealing and, if it decides to seal documents, must 'state the reasons for its decision to seal supported by specific findings, and the reasons for rejecting alternatives to sealing.'" Id. (quoting In re Knight Publ'g Co., 743 F.2d at 235).

Here, the court has complied with the notice requirements set out by Knight. The motion to seal was filed on the public docket on 24 March 2021. (DE # 203.) On 26 March 2021, the court also filed a notice to the public, instructing that any objection to the motion to seal shall be filed by 8 April 2021. (DE # 205.) Thus, the motion was docketed, and notice provided, "reasonably in advance of" the date of this decision. See Stone, 855 F.2d at 181.

Turning to the substantive considerations, the public right of access to a document may attach under common law or the First Amendment. In re Section 2703(D), 707 F.3d at 290; In re Knight Publ'g Co., 743 F.2d at 234. For either right of access to attach, the document must constitute a "judicial record." In re Section 2703(D), 707 F.3d at 290 (citing Baltimore Sun Co.

2

v. Goetz, 886 F.2d 60, 63–64 (4th Cir. 1989)).  A judicial record is one which "play[s] a role in the adjudicative process, or adjudicate[s] substantive rights."  Id.  "[T]he common law presumes a right to access all judicial records and documents."  Id.  "[T]his presumption can be rebutted if 'the public's right of access is outweighed by competing interests.'"  Id. (quoting In re Knight Publ'g Co., 743 F.2d at 235); see also Stone, 855 F.2d at 180; Hogan v. Buck, No. 4:17-CV-170, 2019 U.S. Dist. LEXIS 123831, at *4 (E.D.N.C. July 25, 2019).  "Courts have held that documents reviewed in connection with a motion for court approval of a settlement constitute 'judicial records' and are subject to the common law right of access."  Mears v. Atl. Southeast Airlines, Inc., No. 5:12-CV-613, 2014 U.S. Dist. LEXIS 142571, at *5 (E.D.N.C. Oct. 7, 2014) (citation omitted).

      Here, the Exhibit contains the dollar amount allotted to Mazyck from the settlement funds, less the proposed attorneys' fees.  The Exhibit also identifies third-party individuals who reviewed the proposed incompetent settlement and contains information pertaining to the bellwether trials, all of which is publicly available.  The public has no legitimate interest in accessing the incompetent plaintiff's confidential financial information.  (See DE # 204-1, at 4 (explaining the importance of confidentiality in reaching the settlement).)  On the other hand, Mazyck's daughter and legal representative, Earnestine Phillips, asserts public filing of Mazyck's settlement amount "would harm [her] mom," (id. at 3), who she believes "is susceptible and vulnerable at this time in her life," (id. at 2).  She expresses concern that disclosure of the information "would result in unwanted advances by third parties seeking to take advantage of or discriminate against her [mother]" and "would make her [mother] nervous and anxious to know her private information in this regard was made public."  (Id.)  Phillips explains her fear that members of the community may resent her mom based on the information contained

3

in the Exhibit, thus "creating personal biases and animosity against her where those feelings otherwise would not exist." (Id.) Finally, Phillips asserts "the dollar amount of [her] mom's settlement implies the relative severity of her injury (or lack thereof) and may result in her being publicly ridiculed and embarrassed in the community. The information invites unwarranted snooping and meddling by outsiders to her detriment in social or care settings." (Id. at 3–4.)

The court has an interest in protecting incompetent individuals during litigation. See Nicholson v. Zimmerman, No. 1:19-CV-585, 2020 U.S. Dist. LEXIS 167222, at *10–11 (M.D.N.C. Sept. 14, 2020) (citation omitted). Here, the incompetent individual's guardian professes a belief that the individual would be harmed by release of the information, and the court's interest in protecting the incompetent individual from that harm outweighs the public's common law interest in knowing the individual's settlement amount.

A First Amendment right of access attaches "only to *particular* judicial records and documents" which satisfy the "experience and logic test," In re Section 2703(D), 707 F.3d at 290–91 (emphasis in original) (citations omitted), such as motions for summary judgment and documents submitted therewith, Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004). Some courts have applied the First Amendment presumption of access to settlement agreements reviewed in connection with motions for approval of minor settlements. Mears, 2014 U.S. Dist. LEXIS 142571, at *8. The First Amendment presumption of access "may be denied if there is a compelling government interest and the denial is narrowly tailored to serve that interest." Id.; see also In re Section 2703(D), 707 F.3d at 290 (quoting Va. Dep't of State Police, 386 F.3d at 575). As discussed above, no public interest is served or public oversight furthered by disclosing the financial information of Mazyck. Instead, as sworn by her guardian, Mazyck may be exposed to a risk of harm, embarrassment, and scrutiny if the information is

released, and the court has a compelling interest in protecting her. See Nicholson, 2020 U.S. Dist. LEXIS 167222, at *10–11.

Having determined compelling interests—protecting the incompetent individual from harm—exist for sealing, the court turns to whether plaintiffs' request is narrowly tailored. See 360 Mortg. Group, LLC v. Stonegate Mortg. Corp., No. 5:14-CV-310, 2016 U.S. Dist. LEXIS 68694, at *24 (E.D.N.C. May 25, 2016). They seek to seal only one exhibit associated with the motion for approval of the incompetent settlement. That document contains the proposed amount of settlement funds to be distributed to the incompetent individual. Because the incompetent individual is identified by name in the public filings, the only way to protect against the harms articulated by her guardian is to seal the amount of settlement she will receive. Redacting this number from the Exhibit "would be ineffective because the relevant nonconfidential material has already been included in [public filings]." Bell v. Shinseki, No. 1:12-CV-57, 2013 U.S. Dist. LEXIS 86896, at *29 (M.D.N.C. June 20, 2013). As such, sealing is necessary in this case to protect Mazyck's sensitive financial information and plaintiffs' request is narrowly tailored to serve that interest. Having considered less drastic alternatives to sealing, the court finds the incompetent individual's privacy interests outweigh the public's common law right of access, as well as any First Amendment right, to the Exhibit.

### III. CONCLUSION

Plaintiffs' consent motion to seal the exhibit filed at docket entry 202, (DE # 203), is GRANTED.

This 20 April 2021.

_____
W. Earl Britt
Senior U.S. District Judge